**Charlotte A. WALTERS, Plaintiff,**

v.

**PRESIDENT AND FELLOWS OF HARVARD COLLEGE et al., Defendants.**

**Civ. A. No. 81–2252–G.**

United States District Court, D. Massachusetts.

Jan. 30, 1985.

---

**868**

Holly D. Ladd, Dahlborg & Ladd, Andrea S. Mintz, Wendy A. Kaplan, Cambridge, Mass., for plaintiff.

Richard Ward, John Mason, Ropes & Gray, Boston, Mass., Daniel Crane, Finn & Crane, Cambridge, Mass., for Marciano, Tegan Pres. and Fellows of Harvard.

Nancy D. Israel, Cambridge, Mass., for Harvard, Hinsman, Marciano.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND NOTICE OF CONFERENCE

GARRITY, District Judge.

The plaintiff, Charlotte Walters, is female and until September 1981 was an employee in the Building and Grounds Department of Harvard University. Walters alleges that during her employment she was harrassed and intimidated and eventually forced to quit her job because of her sex. Walters sought to add an allegation of a violation of Title IX of the 1972 Education Amendments, 20 U.S.C. § 1681 *et seq.* ("Title IX") to her many other causes of action, which include claims under Title VII, 42 U.S.C. § 1985, § 1986, M.G.L. c. 151B, and several common law theories. The defendants filed an opposition to this amendment. Since the defendants' opposition addressed only the merits of the amendment to the complaint, the court allowed the amendment and treated defendants' opposition as a constructive motion for partial summary judgment. We now grant the motion for partial summary judgment on Walters' Title IX claim.

The relevant portion of Title IX states that

No person shall, on the basis of sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance...." 20 U.S.C. § 1681(a).

Relying on the legislative history of Title IX the Supreme Court has held that "employment discrimination comes within the prohibition of Title IX." *North Haven Bd. of Ed. v. Bell,* 1982, 456 U.S. 512, 102 S.Ct. 1912, 72 L.Ed.2d 299.

However, in order to come within the scope of Title IX the statute requires that the discrimination be under an *"education program or activity."* Walters argues that this phrase should be interpreted to include "that area of activity which is involved in the process of providing a center for learning and training" and that the maintaining of an institution's buildings and grounds is such an activity. We cannot accept her interpretation.

Under Walter's reading of the statute, every activity and program of an educational institution would be included within the

scope of Title IX regardless of its relation to education. Yet the statute clearly differentiates between educational activities and programs and educational institutions as a whole. For example, the discrimination and enforcement provisions, 20 U.S.C. §§ 1681(a) and 1682, are limited to "education programs and activities" while exceptions to those provisions and other sections of the statute speak in terms of "educational institutions." 20 U.S.C. §§ 1681(a)(1)–(9), 1682(b) and (c).

Although the Supreme Court left open the question of what constitutes an "educational program" within the meaning of the statute, *North Haven, supra,* at 540, 102 S.Ct. at 1927, the phrase is clearly intended to convey something more directly related to the delivery of educational services than the purely custodial services provided by the Building and Grounds Department here. There is no need to put a strained interpretation on the statutory language of Title IX when Congress has enacted an adequate remedy for these workers under Title VII.

Therefore, the court finds that the Building and Grounds Department of Harvard University is not an "education program or activity" within the meaning of 20 U.S.C. § 1681(a) and accordingly orders that defendants' constructive motion for summary judgment on Walters' claim under 20 U.S.C. § 1681(a) be allowed.

Notice is hereby given that a status conference on this matter will be held on February 6, 1985 at 9:45 A.M.